IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In Re:                                  Case No:      17-80373-CRJ-13

**CRAIG CURTIS**
       SSN:    xxx-xx-8782
**DONNA J. CURTIS**
       SSN:    xxx-xx-1463

     **Debtors**

## ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
## FILED BY NATIONSTAR MORTGAGE, LLC

This matter coming before the Court on May 17, 2017 on the Motion for Relief from Automatic Stay filed by NATIONSTAR MORTGAGE, LLC (hereinafter "Creditor"), and this Court being informed of the agreement of the parties, concludes that good cause exists for conditionally modifying the stay. It is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. The automatic stay is hereby conditionally modified as provided herein. The Debtors shall resume making regular monthly payments beginning June 1, 2017. However, should the Debtors default under the mortgage agreement between the parties beginning June 2017, the Motion for Relief from Stay is granted if the Creditor gives the Debtors, the Debtors' attorney, and the Chapter 13 Trustee twenty (20) days written notice of opportunity to cure. If the default is not cured within twenty (20) days from the date the notice is issued, then the stay shall lift without further Order from the Court. Further, the Creditor is allowed to communicate with the Debtors' attorney any communication required under the note and mortgage or under state law. Waiver of default shall not constitute waiver of subsequent default.

2. The Creditor may file a claim for the postpetition arrearage through May 2017 as follows:
    | | |
    |---|---|
    | 1 payment @ $383.28 05/17: | $383.28 |
    | Less Suspense: | ($0.34) |
    | Bankruptcy Attorney Fees and Costs for MFR: | $1,031.00 |
    | Total: | $1,413.94 |

3. The Trustee may modify the plan as necessary to provide for the postpetition arrearage. Interest shall not be paid on the postpetition arrearage claim filed by the Creditor.

4. If relief from the automatic stay under 11 U.S.C. § 362 becomes effective, this Creditor is thereafter entitled to enforce any and all of its right, title, interest in and to the subject property under applicable non-bankruptcy law. The filing and service of Notice of Payment Change and/or Notices of Post-Petition Fees, Expenses, and Charges, as described by FRBP 3002.1(b) and FRBP 3002.1(c) are not required once relief from the

automatic stay under 11 U.S.C. § 362 is triggered and becomes effective. Upon entry of this Order granting relief from the automatic stay under 11 U.S.C. § 362, the 14-day stay of Rule FRBP 4001(a)(3) is waived.

Dated this the 25th day of May, 2017.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

This document was prepared by:
Diane Murray
Sirote & Permutt, P.C.
P.O. Box 55887
Birmingham, Alabama 35255-5887
Telephone: (205) 930-5257